IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
SEPTEMBER SESSION, 1998

FILED

October 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,            )
                              )      No. 03C01-9710-CR-00433
        Appellee              )
                              )      CAMPBELL COUNTY
vs.                           )
                              )      Hon. Lee Asbury, Judge
JOHNNY LEE DAVIS,             )
                              )      (Sentencing - Denial of Alternative)
        Appellant             )


For the Appellant:

**Martha Yoakum**
District Public Defender

**Charles Herman**
Asst. District Public Defender

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Todd R. Kelley**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**William Paul Phillips**
District Attorney General
P. O. Box 323
Jacksboro, TN  37757


OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20


**David G. Hayes**
Judge

## OPINION

The appellant, Johnny Lee Davis,[1] appeals the sentencing decision of the Campbell County Criminal Court following his guilty pleas to two counts of sexual battery, one count of arson, and one count of theft of property over one thousand dollars. Under the terms of the plea agreement, the appellant agreed to an effective fifteen year sentence, however, he remained eligible for alternative sentencing as no single conviction was in excess of eight years. The plea agreement further provided that the manner of service of the sentences was to be submitted to the trial court for determination. The trial court ordered total confinement. The appellant appeals contending that the trial court erred in failing to grant alternative sentences.

After review of the record, we affirm the judgment of the trial court pursuant to Rule 20, Tenn. Ct. Crim. App. R.

This appeal originates from cases, C-8805 and C-9105, which were consolidated for sentencing purposes. In October of 1995, the appellant was charged, by indictment, in case C-8805, with one count of rape of a child, a class A felony, and one count of aggravated sexual battery, a class B felony. The incident leading to these charges occurred between January and November 21, 1993, and involved the appellant's step-daughter. The appellant agreed to plead guilty to two counts of the lesser offense of sexual battery, a class E felony. The agreement provided that the appellant would be sentenced, as a range III persistent offender, to five years on one count and, as a range II multiple offender, to four years on the remaining count. It was further agreed that counts one and two would run consecutive to each other for an effective sentence of nine years, with the manner of service to be submitted to the trial court for determination.

---

[1]The indictment indicated that the appellant was also known as "Butch Davis."

After the charges in case C-8805 were pending against the appellant, a Campbell County Grand Jury, in October of 1996, returned a second indictment, case C-9105, against the appellant, charging him with one count of arson, a class C felony, and one count of theft of property over one thousand dollars, a class D felony. These offenses resulted from the appellant's employment at Discount Pagers in LaFollette, Tennessee. While employed as the manager of Discount Pagers, the appellant had stolen merchandise from his employer. In an attempt to avoid prosecution, the appellant set fire to the business, resulting in the destruction of the premises and numerous surrounding businesses/establishments. Indeed, a fair estimate of the damages caused by the arson totals approximately $637,398.33. As in case C-8805, the appellant agreed to plead guilty to these charges. The plea agreement provided that the appellant would be sentenced as a range II multiple offender to six years on each count, to be served concurrent with each other but consecutive to those sentences imposed in case C-8805. Again, the manner of service was reserved for the determination of the trial court.

A sentencing hearing was held on September 2, 1997. Neither party presented any witnesses, relying solely on the presentence report and argument of counsel. After considering the evidence, the trial court imposed a sentence of total incarceration. Specifically, the trial court found:

> In this particular case, the Court is compelled to find that [an alternative sentence] would be inappropriate. This defendant has a long criminal record.[2] These are very serious matters that he has been convicted of. He has been on probation before . . .which did not seem to deter him in committing other crimes. Considering the totality of the circumstances, it is the opinion of the Court that split confinement, community corrections and/or probation are inappropriate and will not be applied in the sentences heretofore imposed and these sentences are to be carried out.

---

[2]The presentence report indicates that the appellant has eight prior felony convictions and eight misdemeanor convictions.

When the sentencing court properly considers the relevant sentencing considerations, this court conducts a *de novo* review with the presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d)(1997); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Moreover, the appellant bears the burden of showing that the sentence imposed by the trial court is improper. See Tenn. Code Ann. § 40-35-210(b)(3)(1997).

Initially, we note that, because the appellant agreed to be sentenced as both a multiple and persistent offender and because he has a criminal history evincing a "clear disregard for the laws and morals of society" and a "failure of past efforts at rehabilitation," he is not presumed a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102 (5), -102(6) (1997). Moreover, we agree with the trial court's findings that, even if the appellant was entitled to the presumption, the presumption is rebutted by "evidence to the contrary," *i.e.*, that confinement is necessary based upon the appellant's history of criminal conduct, his failure at past efforts of rehabilitation, and the seriousness of the offenses. Tenn. Code Ann. §§ 40-35-103(1)(A), -103(1)(B), -103(1)(C) (1997).

The appellant has not met his burden of demonstrating the impropriety of the trial court's denial of alternative sentencing. The record fully supports the trial court's determination denying the appellant a non-incarcerative sentence. We agree with the trial court that a sentence of incarceration is justified.

Accordingly, the trial court's imposition of a sentence of total confinement is affirmed pursuant to Rule 20, Tenn. Ct. Crim. App. R.

4

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOSEPH M. TIPTON, Judge

5